IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-110-FL

| | | |
|---|---|---|
| KAREN A. BELLAMY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation in the M&R, denies plaintiff's motion, grants defendant's motion, and affirms defendant's final decision.

## BACKGROUND

On September 11, 2012, plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging disability beginning December 31, 2010. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held February 18, 2015, denied plaintiff's claims by decision entered May 31, 2015. Plaintiff's counsel then withdrew from the case.

Following the ALJ's denial of her applications, plaintiff, proceeding pro se, timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's request. On October 17, 2016, plaintiff, represented by counsel, requested reconsideration by the Appeals Council of its decision as well as extension of time to seek judicial review. Plaintiff also submitted additional evidence to the Appeals Council, including three medical source statements from a treating physician, William L. Joyner, M.D. ("Joyner").

On March 29, 2017, the Appeals Council set aside it prior decision, admitted the additional evidence into the record, and again denied review, leaving the ALJ's decision as defendant's final decision. Plaintiff filed this action seeking judicial review.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why,

and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

3

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 31, 2010. At step two, the ALJ found that plaintiff had the following severe impairments: irritable bowel syndrome, degenerative disc disease, depression and anxiety, and a history of headaches. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work with the following restrictions: claimant is capable of performing simple, routine, repetitive tasks in a work environment that does not required fast-paced production rate work; must avoid all exposure to workplace hazards such as unprotected heights or dangerous, moving machinery.

At step four, the ALJ concluded plaintiff was unable to perform her past relevant work. At step five, the ALJ determined that jobs exist in the national economy in significant numbers that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff argues the case should be remanded to the Commissioner so that an ALJ may consider Joyner's opinion evidence, first submitted to the Appeals Council, in determining plaintiff's RFC.

"[Defendant] must consider evidence submitted with [a] request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y. Dep't. of Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (en banc) (internal quotations omitted). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. New evidence need not have existed during that period before the date of the ALJ's decision and must be considered if it has any bearing upon whether the claimant was disabled during the relevant time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987). Evidence generated subsequent to an ALJ's determination has bearing upon whether the claimant was disabled during the relevant period if the later-generated evidence "could be reflective of a possible earlier and progressive degeneration." Bird v. Comm'r. of Social Security Admin., 699 F.3d 337, 341 (4th Cir. 2012) (internal quotations omitted). Upon a remand directing consideration of new and material evidence relating to the period on or before the date of the ALJ's decision, defendant must "evaluate the entire record including the new and material evidence submitted." Wilkins, 953 F.2d at 95 (quotations omitted).

In this case, the evidence post-dating the ALJ's decision submitted to the Appeals Council is not new where Joyner's opinion letters, on their face, do not reflect that the letters are grounded

in any new evaluation of plaintiff's conditions. Rather, the letters, at best, summarize Joyner's earlier-generated treatment notes which already were admitted into the record prior to the ALJ's decision and translate assessments of plaintiff's conditions contained therein into the language of Social Security regulations. (Tr. 887–92). In this manner, where the opinion letters at issue simply restate and translate evidence that was already part of the record, the opinion letter are "duplicative or cumulative[,]" Wilkins, 953 F.2d at 96, and, therefore, the evidence is not "new" relative to what the ALJ already considered. See id. Remand thus is unwarranted.

Plaintiff argues that the magistrate judge should have observed that plaintiff refilled prescriptions written by Joyner between January 2010 and November 2011, and, from this observation, the magistrate judge should have recognized that plaintiff's relationship with Joyner is more extensive than reflected in the M&R. However, this argument is inapposite because the issue presented is whether the case must be remanded for consideration of Joyner's later-generated opinion letters, and, as held above, such evidence need not be considered because those letters are cumulative of evidence reviewed by the ALJ. The extent of plaintiff's treatment relationship with Joyner is not relevant to determination whether Joyner's recent opinion presents additional evidence, which defendant must consider, or cumulative evidence, which defendant need not consider. See id.

To be sure, this court via the foregoing holding departs to a degree with the magistrate judge's reasoning. While the magistrate judge undertook to examine Joyner's opinion letters and found them insufficient to persuade an ALJ on remand, this court instead compares the opinion letters to evidence submitted to the ALJ, particularly evidence generated by Joyner, including treatment notes, and finds that the opinion letters simply repeat Joyner's earlier assessments, and

6

therefore, the opinion letter do not constitute "new" evidence. For example, as plaintiff notes, Joyner prescribed, and plaintiff received, medications such as sertraline and trazodone that may be prescribed for depression, anxiety, and other psychiatric conditions. The ALJ noted, based upon Joyner's treatment notes, that Joyner refilled these medications. (Tr. 88). Therefore, Joyner's opinion letters, which assess anxiety and depression, add no data to what the ALJ considered. Thus, under Wilkins, remand is unwarranted. 953 F.2d at 96. Where plaintiff acknowledges that defendant's duty to consider Joyner's opinion letters is the only issue before the court, (DE 22 at 2), plaintiff's motion must be denied.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the recommendation in the M&R. (DE 21). Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 19) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 22nd day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge